IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 05-63-JJF |
| JAMES INGRAM, | : | |
| Defendant. | : | |

## MOTION TO SUPPRESS STATEMENTS

The defendant through undersigned counsel hereby moves to suppress in the above-captioned matter.

In support of this motion the defense submits as follows:

1.  On June 17, 2005 members of the United States Marshals Fugitive Task Force went to a residence in Dover, Delaware to execute an arrest warrant for Mr. Ingram. Upon entry, he was asked about criminal activity prior to the reading of any rights. He was then arrested and the apartment was searched. Indications were made to Mr. Ingram that the female resident of the apartment may be arrested if he did not provide information to the police. Mr. Ingram was taken to the Marshals office in Wilmington and further questioned. A written statement was also taken.

2.  The defendant objects to introduction of any statements alleged to have been made by him at the time of his arrest. According to Jackson v. Denno, 378 U.S. 368, 380 (1964): "A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined." Once the defendant raises the issue regarding the admissibility of a statement the

government bears the burden of establishing compliance with Miranda v. Arizona, 384 U.S. 436 (1966) and its progeny. See Miranda, 384 U.S. at 475; see also United States v. Bastiste, 818 F.2d 1089 (9th Cir. 1989).

3.   It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement. Miranda, 384 U.S. 436. If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily. Id. at 444. The validity of a suspect's waiver is judged by the totality of the circumstances and the mere language alone, chosen by a suspect, is not dispositive as to whether a valid waiver was made. See Boulden v. Holman, 394 U.S. 478 (1969).

4.   The test to determine whether there has been a valid waiver is a two step process. First the government must show that the defendant understood his rights, i.e., the waiver was knowing and intelligent, and second, that the defendant voluntarily waived his rights. See North Carolina v. Butler, 441 U.S. 369 (1979); see also Blackburn v. Alabama, 361 U.S. 199, 208 (1960) (for a suspect's statement to be voluntary it must be the product of rational intellect and free will).

5.   Therefore, the government must first establish that the waiver was knowing and intelligent. To establish a knowing and intelligent waiver the government must prove that the defendant was read his rights, that the defendant understood those rights, and that the defendant affirmatively responded that he understood those rights. See Miranda, 384 U.S. 436. Thus, Miranda requires knowledge of the rights being given up and specific evidence establishing a waiver of those rights.

6.   The government must also prove that the suspect made an effective waiver of his

constitutional rights. To determine whether there has been an effective waiver "depends in each case 'upon the particular facts and circumstances surrounding that case'", Edwards v. Arizona, 451 U.S. 477, 482 (1981) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

7.  The government's burden encompasses a requirement of establishing that the waiver was voluntary. The prosecution must demonstrate, by a preponderance of the evidence, that the statements were voluntarily made. Lego v. Twomey, 404 U.S. 477, 489 (1972); see also 18 U.S.C. § 3501(a). "[T]o establish such a 'waiver' the ... [government] must demonstrate 'and intentional relinquishment or abandonment of a known right or privilege.'" Schneckloth v. Bustamonte, 412 U.S. 218, 235 (1973) (citation omitted).

8.  "To determine the voluntariness of a confession the Court must consider the effect that the totality of the circumstances had upon the will of the defendant." Miller v. Fenton, 476 F.2d 598, 604 (3rd Cir.), cert. denied, 479 U.S. 988 (1986). "[T]he question in each case is whether the defendant's will was overborne at the time he confessed." Lynum v. Illinois, 372 U.S. 528, 534 (1963). "In short, the true test of admissibility is that the confession is made freely, voluntarily and without compulsion or inducement of any sort." Wilson v. States, 162 U.S. 613, 623 (1886). The factors to consider include the defendant's age, size, physical condition, education, intelligence, past history, experience with law enforcement, length of confinement, and any other surrounding circumstance. Bustamonte, 412 U.S. at 266. A statement is not voluntary if it is "extracted by any sort of threats or violence, ... [or] by the exertion of any improper influence." Bram v. United States, 168 U.S. 532, 542-43 (1897); see also Fenton, 796 F.2d at 608.

9.  It should be remembered that if the suspect "indicates in any manner, at any time prior

to or during questioning, that he wishes to remain silent, the interrogation must cease." <u>Miranda</u>, 384 U.S. at 473-74.

    10. The government has the burden of proving that Mr. Ingram waived his rights knowingly, intelligently, and voluntarily. At the time Mr. Ingram was first questioned he was not advised of his rights. The subsequent advise of rights did not remove the taint of the earlier <u>Miranda-</u>less questioning. Further, the circumstances of the entry by members of the Task Force made any statement involuntary. Accordingly, Mr. Ingram respectfully requests that an evidentiary hearing be held to determine the admissibility of any statements made by him to government agents.

    **WHEREFORE,** for these reasons and any other such reasons as shall appear at the hearing of this matter Defendant James Ingram respectfully request that the Court enter an Order in the form attached hereto suppressing the statements obtained on or about June 17, 2005.

    Respectfully submitted,

/s/
Penny Marshall, Esquire
Federal Public Defender
First Federal Plaza
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for James Ingram

Dated: September 8, 2005

## CERTIFICATE OF SERVICE

Undersigned Counsel certifies that a copy of this Motion to Suppress is available for public viewing and downloading and was electronically delivered on September 8, 2005 to:

Len Stark, Esquire
Assistant United States Attorney
1007 Orange Street,
Suite 700
Wilmington, DE   19899-2046

/s/
Penny Marshall, Esquire
Federal Public Defender
First Federal Plaza
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
Attorney for James Ingram

Dated:  September 8, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 05-63-JJF |
| | : | |
| JAMES INGRAM, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

    Having considered Defendant's Motion , **IT IS HEREBY ORDERED** this _____ day of September, 2005, that the statements made by Mr. Ingram be suppressed .

    _____
    Honorable Joseph J. Farnan, Jr.
    United States District Court