

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building                                    *(302) 573-6277*
1007 N. Orange St., Suite 700                        *FAX (302) 573-6220*
P.O. Box 2046
Wilmington, Delaware 19899-2046

September 28, 2005

**BY ECF**
The Honorable Joseph J. Farnan, Jr.
United States District Judge
United States District Court
844 King Street
Wilmington, Delaware 19801

      Re:    **United States v. James Frank Ingram,**
              **Criminal Action No. 05-63-JJF**

Dear Judge Farnan:

      Enclosed please find courtesy copies of the following filings: (i) the parties' Joint Motion to Transfer Case, which seeks to transfer sentencing of a one-count felon-in-possession-of-a-firearm indictment against the Defendant from the Middle District of North Carolina to the District of Delaware; (ii) the Memorandum of Plea Agreement agreed to by both parties; and (iii) the government's Answer to Defendant's Motion to Suppress (which, by Court Order, is due today).

      The parties respectfully request that the Court schedule a hearing at which the Defendant could enter his guilty plea on the felon-in-possession charge already pending here in Delaware. At that hearing, the parties will provide the Court with an executed copy of the plea agreement. At the same time, the parties will provide the Court with a copy of the "Consent to Transfer of Case" form executed by the Defendant and the United States Attorneys for Delaware and the Middle District of North Carolina. The parties would further request that at the conclusion of the hearing, the Court schedule a subsequent hearing at which the Defendant could be sentenced for both the Delaware action and the North Carolina action.

      Counsel are available at the Court's convenience to discuss this matter.

                           Respectfully submitted,
                           COLM F. CONNOLLY
                           United States Attorney

BY: _____
                           Leonard P. Stark
                           Assistant United States Attorney

Enclosures

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

UNITED STATES OF AMERICA,           :

         Plaintiff           :

         :

         v.           :           Criminal Action No. 05-63-JJF

         :

JAMES FRANK INGRAM,           :

         :

         Defendant.           :

**JOINT MOTION FOR TRANSFER OF CASE
TO DISTRICT OF DELAWARE FOR SENTENCING**

The United States of America, by and through its attorneys, Colm F. Connolly,

United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United

States Attorney, and Defendant James Frank Ingram (hereinafter "Defendant"), by and through

his attorney, Penny Marshall, Esq., hereby moves for the transfer to this District of a criminal

matter brought against Defendant in another District, so that Defendant may be sentenced on

both the other matter and charges pending in this District all at one time in this District.  In

support of this motion, the government states as follows:

1.       On or about January 3, 2005, Defendant pled guilty to being a felon in possession

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged by a one-count

indictment filed in the United States District Court for the Middle District of North Carolina

("M.D.N.C."), Cr. Act. No. 04-449.  Defendant was not detained pending sentencing.  Defendant

has not yet been sentenced in the M.D.N.C.

2.       On June 17, 2005, members of the United States Marshals Fugitive Task Force

executed an arrest warrant and arrested Defendant in the District of Delaware.  In conducting a

consent search of the residence in which Defendant was found, officers located a firearm, which

Defendant admitted belonged to him. Thereafter, on June 28, 2005, Defendant was charged by a one-count indictment in the District of Delaware with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

3.    As a result of discussions among counsel, both the government and the Defendant seek to have the M.D.N.C. matter transferred to the District of Delaware. The Defendant, the United States Attorney for the District of Delaware, and the United States Attorney for the M.D.N.C. have executed (or shortly will execute) the necessary form for effecting such a transfer pursuant to Federal Rule of Criminal Procedure 20(a). *See* Attachment A. (The form is modified from the standard Rule 20 form to reflect that the Defendant, in addition to wishing to plead guilty to the M.D.N.C. matter, has, in fact, already done so.) Defendant intends to plead guilty to the Delaware indictment. Transfer of the M.D.N.C. matter will enable sentencing on both the M.D.N.C. matter and the Delaware charge to proceed together in the District of Delaware.

4.    Although Rule 20(a) transfers generally occur prior to entry of a guilty plea, and although undersigned counsel are unaware of any authority directly addressing the availability of a transfer subsequent to a guilty plea in circumstances such as those presented here, counsel for both the government and Defendant believe the Court has authority to grant the transfer requested. Consistent with the purposes of Rule 20, this Court would not be adjudicating guilt or innocence with respect to the M.D.N.C. matter, as Defendant has already conceded his culpability; the only task for this Court with respect to the M.D.N.C. matter is to impose an appropriate sentence. *See generally United States v. Khan*, 822 F.2d 451 (4th Cir. 1987) ("The unmistakable assumption underlying Rule 20 is that a transfer will occur only when a defendant first concedes criminal culpability thereby waiving any trial on the charges. The transfer is then

2

purely for the purpose of imposing sentence."); *but see United States v. Lovell*, 81 F.3d 58, 60 (7th Cir. 1996) (rejecting defense argument for transfer to another district solely for sentencing, where no case was pending against defendant in proposed transferee district).  Pursuant to the plea agreement relating to the Delaware charge, Defendant will waive any right to appeal any issues relating to the transfer of the M.D.N.C. matter to the District of Delaware.

ACCORDINGLY, the government and Defendant respectfully request that the Court enter the attached Order and transfer the M.D.N.C. matter to the District of Delaware for purposes of sentencing.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:    _____

Leonard P. Stark
Assistant United States Attorney

Dated: September 28, 2005

3

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,                    :

        Plaintiff                                :

        v.                                       :      Criminal Action No. 05-63-JJF

JAMES FRANK INGRAM,                          :

        Defendant.                               :

## ORDER

Upon consideration of the Joint Motion for Transfer of Case to District of Delaware for sentencing,

The Court finds that the United States Attorney for the Middle District of North Carolina, the United States Attorney for the District of Delaware, and the Defendant, all consent and request to the transfer of Criminal Action No. 04-449-1, facing Defendant in the Middle District of North Carolina ("Action No. 04-449"), to the District of Delaware; and

The Court further finds that Defendant wishes to plead guilty to Action No. 04-449 and, in fact, has entered a guilty plea to such charge;

WHEREFORE, IT IS HEREBY ORDERED THAT Action No. 04-449 is hereby transferred from the United States District Court for the Middle District of North Carolina to the District of Delaware, and Defendant will be sentenced on Action No. 04-449 here in the District of Delaware.

_____
Honorable Joseph J. Farnan, Jr.
United States District Court Judge
District of Delaware

SO ORDERED this _____ of _____, 2005.

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,      :

          Plaintiff       :

          v.           :      Criminal Action No. 04-449-1

JAMES FRANK INGRAM,       :

          Defendant.     :

### CONSENT TO TRANSFER OF CASE

I, <u>James Frank Ingram</u>, defendant, have been informed that an <u>indictment</u> is pending

against me in the above designated cause. I wish to plead <u>guilty</u> to the count charged (felon in

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)) and, on or about

January 3, 2005, I entered a plea of <u>guilty</u> to the charge. I consent to disposition of the case,

including sentencing, in the District of Delaware, in which I am being held, and waive my right

to sentencing in the Middle District of North Carolina.

Dated:_____, 2005, at _____

_____
(Defendant)

_____
(Witness)

_____
Counsel for Defendant)

Approved

_____      _____
United States Attorney for        United States Attorney for
the Middle District of North Carolina    the District of Delaware

Dated:_____    Dated:_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,                    :

        Plaintiff                          :

           v.                          :        Criminal Action No. 05-63-JJF

JAMES FRANK INGRAM,                          :

        Defendant.                         :

### CERTIFICATE OF SERVICE

I, Marie Steel, Legal Assistant in the Office of the United States Attorney for the District

of Delaware, hereby certify that on the 28th day of September 2005, I caused to be electronically

filed a **Joint Motion For Transfer of Case to District of Delaware For Sentencing** with the

Clerk of Court using CM/ECF. Said document is available for viewing and downloading from

CM/ECF. I further certify that a copy of the foregoing was hand delivered to counsel of record

as follows:

        Penny Marshall
        Federal Public Defender
        704 King Street
        Wilmington, DE 19801

                                    _Marie Steel_
                                      Marie Steel
                                      Legal Assistant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,      :

          Plaintiff,      :

                      :

      v.             :   Criminal Case No. 05-63-JJF

                      :

JAMES FRANK INGRAM,      :

                      :

          Defendant.      :

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United States Attorney, and Penny Marshall, Esquire, attorney for the defendant, the following agreement is hereby entered into by the respective parties:

1.      The defendant agrees to plead guilty to Count I of the Indictment in the above-captioned case. Count I of the Indictment charges the defendant with possession of a firearm by an individual previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The essential elements of the offense, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant knowingly possessed a firearm; (ii) before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (iii) the possession of the firearm was in or affecting commerce. The maximum penalties for Count I are found in 18 U.S.C. § 924(a)(2), and are ten years imprisonment, a $250,000 fine, three years of supervised release following any term of imprisonment, and a $100 special assessment.

2.    The defendant knowingly, voluntarily, and intelligently admits that on or about

June 17, 2005, in the State of Delaware, he knowingly possessed a firearm, to wit a Rexio Model

Pucara 384, 38 caliber revolver, with serial number C28335. The defendant further knowingly,

voluntarily, and intelligently admits that he was convicted in the Superior Court of Moore

County, Carthage, North Carolina, on or about November 2, 2000, of a crime punishable by

imprisonment for a term exceeding one year. The defendant is not aware of any factual basis to

challenge the government's representation that the aforementioned firearm was manufactured

outside of the State and District of Delaware.

3.    If the Defendant's offense level is 16 or greater, the United States will recommend

a three-level reduction in the offense level for the Defendant's affirmative acceptance of

responsibility under Sentencing Guideline § 3E1.1. If the Defendant's offense level is less than

16, the United States will recommend a two-level reduction in the offense level for the

Defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1.

4.    The Defendant understands that at sentencing the district court must consult the

United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its

discretion to determine the appropriate sentence and must also consider the other factors bearing

on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). See United States v. Booker, 2005

WL 50108 (Jan. 12, 2005).

5.    The Defendant agrees to move, with the government, to transfer the case against

him in the Middle District of North Carolina, Cr. Act. No. 04-449-1, to Delaware for purposes of

sentencing. The Defendant agrees to execute a Consent to Transfer and any other forms

necessary to effectuate the transfer. The Defendant further agrees to waive any rights to appeal

any issues relating to the transfer of the Middle District of North Carolina case to the District of

Delaware. The government agrees to consent to transfer of the Middle District of North Carolina case to the District of Delaware.

6.    The Defendant agrees to pay any special assessment or fine at the time of sentencing.

7.    If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8.    The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9.    The defendant abandons any right, title and interest that he may have in the Rexio Model Pucara 384, 38 caliber revolver, with serial number C28335; agrees to execute all documents requested by the government to effect his abandonment of those firearms; and agrees that, as to his interest, the Bureau of Alcohol, Tobacco and Firearms may dispose of those firearms in whatever manner it deems appropriate.

10.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this

memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this

Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

BY:

_____          _____
Penny Marshall, Esquire                   Leonard P. Stark
Attorney for Defendant,                   Assistant United States Attorney
James Frank Ingram


_____
James Frank Ingram
Defendant

Dated:


AND NOW this _____ day of _____, 2005, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.


_____
Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,     :

         Plaintiff             :

                        :

        v.                  :         Criminal Action No. 05-63-JJF

                        :

JAMES FRANK INGRAM,        :

                        :

        Defendant.        :

### GOVERNMENT'S ANSWER TO MOTION TO SUPPRESS STATEMENTS

The United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United States Attorney, hereby answers Defendant Ingram's Motion to Suppress Statements ("Motion") (D.I. #12) as follows:

1.      The government does not believe a hearing is necessary to resolve the issues presented by the Motion. *See United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996) (stating defendant is not entitled to suppression hearing unless papers demonstrate colorable claim for relief).

2.      The government will agree not to introduce evidence of the June 17, 2005 statement Defendant made to members of the United States Marshals Fugitive Task Force prior to the time he was provided Miranda warnings.  The government reserves the right to use Defendants' pre-Miranda statement to impeach Defendant should he elect to testify at trial. *See Michigan v. Harvey*, 494 U.S. 344, 350-51 (1990).

3.      Defendant's post-Miranda statement to ATF Special Agent Tat Shum was knowing, intelligent, and voluntary, as evidenced by Defendant's execution of a written waiver and memorialization of his statement in writing. *See* Exhibit A.

ACCORDINGLY, the government respectfully requests that the Court deny Defendant's

request for a suppression hearing and deny Defendant's Motion.


Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:                                

Leonard P. Stark
Assistant United States Attorney


Dated: September 28, 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,        :

          Plaintiff          :

            :

          v.             :          Criminal Action No. 05-63-JJF

            :

JAMES FRANK INGRAM,          :

          Defendant.     :

## CERTIFICATE OF SERVICE

I, Marie Steel, Legal Assistant in the Office of the United States Attorney for the District

of Delaware, hereby certify that on the 28th day of September 2005, I caused to be electronically

filed a **Government's Answer to Motion to Suppress Statements** with the Clerk of Court

using CM/ECF.  Said document is available for viewing and downloading from CM/ECF.  I

further certify that a copy of the foregoing was hand delivered  to counsel of record as follows:

Penny Marshall
Federal Public Defender
704 King Street
Wilmington, DE 19801

_Marie Steel_
Marie Steel
Legal Assistant

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Advice of Rights and Waiver

### Statement of Rights

- You have the right to remain silent.

- Anything you say can be used against you in court.

- You have the right to talk to a lawyer before we ask you any questions and to have a lawyer with you during questioning.

- If you cannot afford a lawyer, one will be appointed for you if you wish before any questioning begins.

- If you decide to answer any questions now without a lawyer present, you have the right to stop answering at any time.

### Waiver

I have read this statement of my rights or it has been read to me, and I understand these rights. At this time I am willing to answer questions without a lawyer present. No promises or threats have been made to me, and no pressure or force of any kind has been used against me.

Signature: _James Franklin Ingram_

Printed Name: _James Franklin Ingram_

Witness Signature: _____    _Jack Leo_

Printed Name: ___Tat Shum___    Jack Leo

Date/Time: _6/17/05    1421 hrs._    6/17/05   1421 hrs.

Note: Previous Editions Are Obsolete

ATF Form 3200.4
Revised August 2004

A0015

DEPARTMENT OF THE TREASURY – BUREAU OF ALCOHOL, TOBACCO AND FIREARMS

**AFFIDAVIT**

PAGE ___1___ OF ___1___ PAGE

I, James Franklin Ingram 94-81 , state that

I reside at 11 Farynay lakes Drive Apt. D-32 Renio Revolver C-28335 belongs to me James Ingram and it dones not belong to my girlfriend

Dollars

I have read the foregoing statement consisting of ___1___ pages, each of which I have signed. I fully understand this statement and I declare, certify, verify and/or state under penalty of perjury that the foregoing is true and correct. I made the corrections shown and placed my initials opposite each. I made this statement freely and voluntarily without any threats or rewards, or promises of reward having been made to me in return for it. Executed on June 17 , 2005

SIGNATURE OF AFFIANT

James Ingram 2:29 P.M.

SUBSCRIBED AND SWORN TO BEFORE ME THIS ___17th___

DAY OF June 2005

AT U.S Marshals Office Wilmington, Delaware

SIGNATURE

TITLE SPECIAL AGENT/ ATF WILMINGTON FIELD OFFICE, DE

WITNESS

SIGNATURE Jack Leo

TITLE Deputy U.S. Marshal

ATF F 5000.1 (12-83)