*Filed in open court on 11/2/05 (JB)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Case No. 05-63-JJF |
| | : | |
| JAMES FRANK INGRAM, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United States Attorney, and Penny Marshall, Esquire, attorney for the defendant, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count I of the Indictment in the above-captioned case. Count I of the Indictment charges the defendant with possession of a firearm by an individual previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The essential elements of the offense, each of which the government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant knowingly possessed a firearm; (ii) before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (iii) the possession of the firearm was in or affecting commerce. The maximum penalties for Count I are found in 18 U.S.C. § 924(a)(2), and are ten years imprisonment, a $250,000 fine, three years of supervised release following any term of imprisonment, and a $100 special assessment.

2.  The defendant knowingly, voluntarily, and intelligently admits that on or about June 17, 2005, in the State of Delaware, he knowingly possessed a firearm, to wit a Rexio Model Pucara 384, 38 caliber revolver, with serial number C28335. The defendant further knowingly, voluntarily, and intelligently admits that he was convicted in the Superior Court of Moore County, Carthage, North Carolina, on or about November 2, 2000, of a crime punishable by imprisonment for a term exceeding one year. The defendant is not aware of any factual basis to challenge the government's representation that the aforementioned firearm was manufactured outside of the State and District of Delaware.

3.  If the Defendant's offense level is 16 or greater, the United States will recommend a three-level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. If the Defendant's offense level is less than 16, the United States will recommend a two-level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1.

4.  The Defendant understands that at sentencing the district court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). See United States v. Booker, 2005 WL 50108 (Jan. 12, 2005).

5.  The Defendant agrees to move, with the government, to transfer the case against him in the Middle District of North Carolina, Cr. Act. No. 04-449-1, to Delaware for purposes of sentencing. The Defendant agrees to execute a Consent to Transfer and any other forms necessary to effectuate the transfer. The Defendant further agrees to waive any rights to appeal any issues relating to the transfer of the Middle District of North Carolina case to the District of

Delaware. The government agrees to consent to transfer of the Middle District of North Carolina case to the District of Delaware.

6. The Defendant agrees to pay any special assessment or fine at the time of sentencing.

7. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

9. The defendant abandons any right, title and interest that he may have in the Rexio Model Pucara 384, 38 caliber revolver, with serial number C28335; agrees to execute all documents requested by the government to effect his abandonment of those firearms; and agrees that, as to his interest, the Bureau of Alcohol, Tobacco and Firearms may dispose of those firearms in whatever manner it deems appropriate.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this

memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_/s/ Penny Marshall_  
Penny Marshall, Esquire  
Attorney for Defendant,  
James Frank Ingram

COLM F. CONNOLLY  
United States Attorney

BY: _/s/ Leonard P. Stark_  
Leonard P. Stark  
Assistant United States Attorney

_/s/ James Ingram_  
James Frank Ingram  
Defendant

Dated: November 2, 2005

**AND NOW** this 2 day of November, 2005, the foregoing Memorandum of Plea Agreement is hereby (**accepted**) (rejected) by the Court.

_/s/ Joseph J. Farnan_  
Honorable Joseph J. Farnan, Jr.  
United States District Court  
District of Delaware